# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

CHEYANNE COULSON and SHILOH ) 
THOMAS GLENN YOUNGBLOOD, )

)

Plaintiffs, )

)

v. )    Case No. CIV-25-1043-PRW

)

JASWINDER SINGH and PAUL )
EXPRESS, INC., )

)

Defendants. )

## ORDER

Before the Court is Defendant Paul Express Inc.'s Partial Motion to Dismiss (Dkt. 4). The Motion (Dkt. 4) is fully briefed and ripe for decision. For the reasons that follow, the Motion (Dkt. 4) is **GRANTED**.

## *Background*

This is a claim for negligence and negligent hiring, training, and retention arising out of a vehicle collision in Oklahoma City, Oklahoma, on April 19, 2025. While Plaintiffs Cheyanne Coulson and Shiloh Youngblood were traveling in a 2005 Chevrolet Equinox northbound on I-44 near Northwest 23rd Street, Defendant Jaswinder Singh, driving a semitruck, allegedly rear-ended Plaintiffs when he failed to stop in time. Plaintiffs argue that Defendant Singh was negligent in both tailing their vehicle too closely and driving too fast during rain. Plaintiffs also allege that Defendant Paul Express, Defendant Singh's

1

employer, is liable for negligence under a theory of respondeat superior and negligent hiring, training, and retention.

Plaintiffs initially brought this action in Oklahoma County District Court, but Defendants removed the case to this Court. Defendant Paul Express now moves to dismiss the negligent hiring, training, and retention claims with prejudice.

### Standard of Review

In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[1] All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[2] Additionally, the Court must "draw all reasonable inferences in favor of the non-moving party[.]"[3] While factual allegations are taken as true, a court need not accept mere legal conclusions.[4] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to state a claim.[5] In analyzing a 12(b)(6) motion, courts are permitted to consider documents attached to the complaint,

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[3] *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019) (citation omitted).

[4] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[5] *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

and can review "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[6]

Plaintiffs are not required to set forth a prima facie case in their complaint.[7] Plaintiffs are, however, required to set forth plausible claims, so in determining whether a claim is plausible, the elements of a prima facie case are helpful.[8]

### *Analysis*

Defendant Paul Express argues that the Court should dismiss Plaintiffs' negligent hiring, training, and retention claims under *Jordan v. Cates*. In *Jordan*, the Oklahoma Supreme Court held that "[w]hen an employer stipulates that an employee is acting within the scope of employment . . . and punitive damages are available against it under the theory of respondeat superior, an additional claim for negligent hiring [and retention] exposes the employer to no additional liability."[9] "[W]here the employer stipulates that liability, if any, would be under the respondeat superior doctrine," it explained, "any other theory for imposing liability on the employer [becomes] unnecessary and superfluous."[10] Here, Defendant Paul Express stipulates that Defendant Singh was acting within the course and

---

[6] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal quotation marks omitted) (quoting *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir.2002)).

[7] *Khalik*, 671 F.3d at 1192.

[8] *Id.* at 1192; *see Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1054 (10th Cir. 2020); *Morman v. Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015).

[9] *Jordan v. Cates*, 935 P.2d 289, 294 (Okla. 1997).

[10] *Id.* at 293.

scope of his employment when the accident occurred and that Paul Express would be liable for Defendant Singh's actions under respondeat superior.[11]

This Court has considered this very issue with respect to *Jordan* on multiple occasions.[12] In *Estate of Ratley v. Awad*, despite other courts' criticisms of *Jordan*, and recognizing calls for the Oklahoma Supreme Court to reconsider its rule, this Court applied *Jordan's* holding.[13] Plaintiff asks the Court to reconsider *Awad* in light of many other federal courts throughout Oklahoma predicting that the Oklahoma Supreme Court will overturn *Jordan*.[14] But until the Oklahoma Supreme Court does so, *Jordan* remains the law.

Finally, Defendant asks the Court to dismiss Plaintiff's negligent hiring, training, and retention claims with prejudice since amendment would be futile. The Court declines to do so, since federal courts sitting in diversity apply state substantive law at the time of decision.[15] Where a claim was dismissed without prejudice as foreclosed by then-existing state law, and an intervening change in state law renders the claim viable, a plaintiff may

---

[11] Mot. (Dkt. 4), at 4.

[12] *See, e.g., Estate of Ratley v. Awad*, No. CIV-19-00265-PRW, 2021 WL 1845497, at *4–5 (W.D. Okla. May 7, 2021), aff'd, No. 23-6169, 2025 WL 1166454 (10th Cir. April 22, 2025); *Lewis v. Hussain*, Case No. CIV-24-1112-PRW, 2026 WL 688217, at *3 (W.D. Okla. Mar. 11, 2026).

[13] *Awad*, 2021 WL 1845497, at *4–5 .

[14] *See, e.g., Stanley v. Taylor,* Case No. CIV-23-00877-JD, 2024 WL 4204925, at *5 (W.D. Okla. Sept. 16, 2024).

[15] *In re Professional Home Health Care, Inc.*, 159 F. Appx. 32, 33 (10th Cir. 2005) (internal citation omitted).

4

seek leave to amend under Rule 15(a)(2), and such leave should ordinarily be granted absent reasons like undue delay, bad faith, or prejudice.[16]

### *Conclusion*

For the reasons given, the Court **GRANTS** the Motion (Dkt. 4) and **DISMISSES** Plaintiffs' negligent hiring, training, and retention claims **WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 5th day of May 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[16] *Foman v. Davis*, 371 U.S. 178, 182 (1962).